FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01310-BNB

LIONEL KERSH,

    Plaintiff,

v.

NEAL A. RICHARDSON,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Lionel Kersh, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Kersh initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated during the course of the state court criminal proceedings against him. Mr. Kersh seeks damages as relief.

    Mr. Kersh has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i) and (iii), the Court must dismiss the complaint at any time if the claims asserted are legally frivolous or if Mr. Kersh seeks monetary relief from a Defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the

Court will dismiss the action pursuant to § 1915(e)(2)(B)(i) and (iii).

The Court must construe the complaint liberally because Mr. Kersh is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

As noted above, Mr. Kersh alleges that his constitutional rights were violated during the course of the state court criminal proceedings against him. He alleges that he currently is serving a fourteen-year prison sentence for aggravated robbery for robbing three small businesses. Mr. Kersh's allegations are similar to those he asserted in a separate habeas corpus proceeding in which he alleged that he pleaded guilty in Denver, Colorado, district court on charges related to robbing three small businesses. *See Kersh v. Smeler*, No. 10-cv-00090-ZLW (D. Colo. Apr. 5, 2010), *appeal dismissed*, No. 10-1177 (10th Cir. Aug. 17, 2010). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). The named Defendant in this action is the deputy district attorney who prosecuted Mr. Kersh.

2

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." ***Wyatt v. Cole***, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." ***American Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" ***NCAA v. Tarkanian***, 488 U.S. 179, 191 (1988) (quoting ***Monroe v. Pape***, 365 U.S. 167, 172 (1961)).

Mr. Kersh's § 1983 claims for damages will be dismissed because those claims are barred by the rule in ***Heck v. Humphrey***, 512 U.S. 477 (1994). Pursuant to ***Heck***, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See *Heck***, 512 U.S. at 486-87. Mr. Kersh's constitutional claims necessarily are linked to the validity of the underlying conviction or convictions. Therefore, the claims for damages are dismissible pursuant to ***Heck***.

Furthermore, even if Mr. Kersh's claims were not barred by ***Heck***, those claims

3

still lack merit and must be dismissed because Mr. Kersh may not sue the named Defendant pursuant to § 1983 for the alleged constitutional violations. Mr. Kersh's claim against Deputy District Attorney Neal A. Richardson is barred by absolute prosecutorial immunity because "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Mr. Kersh claims that Mr. Richardson failed to provide him with an evidentiary hearing. Because the alleged actions, or lack thereof, occurred in the course of his role as a prosecuting attorney, Mr. Richardson is entitled to absolute prosecutorial immunity, and the claims against him will be dismissed.

Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

DATED at Denver, Colorado, this  23rd  day of    June         , 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01310-BNB

Lionel Kersh
Prisoner No. 143312
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 23, 2011.

                                             GREGORY C. LANGHAM, CLERK

                               By: _____
                                            Deputy Clerk